| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>DARLENE C, VIGIL<br>CA NO. 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 E. CONCOURS STREET, SUITE 350<br>ONTARIO, CA  91764<br>Phone: (626) 371-7000, Fax: (972) 661-7726<br>E-mail: CDCAECF@BDFGROUP.COM<br>FILE NO. 10216976<br><br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>AMY JAM,<br>MOHSEN AHMADI HADAD,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:24-bk-10005-VK<br>CHAPTER: 11 |
| | **NOTICE OF MOTION AND MOTION**<br>**FOR RELIEF FROM THE AUTOMATIC**<br>**STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)** |
| | DATE: 10/02/2024<br>TIME: 9:30 am<br>COURTROOM: 301 |

**MOVANT :** PENTAGON FEDERAL CREDIT UNION

---

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367          ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 1                    **F 4001-1.RFS.RP.MOTION**

4.   When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.   If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.   ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.   ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.  ☐   An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐   An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐   An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:   8/29/2024

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
Printed name of law firm (*if applicable*)

DARLENE C. VIGIL
Printed name of individual Movant or attorney for Movant

/s/Darlene C. Vigil
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 2                          **F 4001-1.RFS.RP.MOTION**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

      *Street address:* 5352 ORRVILLE AVE
      *Unit/suite no.:*
      *City, state, zip code:* WOODLAND HILLS, CA 91367

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _1_): 20220749192  LOS ANGELES COUNTY

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
      was filed on (*date*) _1/2/2024_.

   b. ☒ An order to convert this case to chapter    ☐ 7 ☒ 11 ☐ 12 ☐ 13  was entered on (*date*) _4/15/2024_ .

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☐ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                     Page 3                            **F 4001-1.RFS.RP.MOTION**

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
       ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

**5.** ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☐ Other (*specify*):

**6.** **Evidence in Support of Motion: (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

  a. The REAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☐ Supplemental declaration(s).

  c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit __4____.

  d. ☒ Other: Movant has incurred attorney fees and costs totaling $1,249.00 to prosecute this relief from stay motion. These legal expenses are recoverable as additional obligations payable under the Note and Deed of Trust. Request for Judicial Notice in Support of Motion attached hereto. .

**7.** ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                            Page 4                       **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2.  ☒  Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☒  Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐  Confirmation that there is no stay in effect.

5.  ☐  The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☐  The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☐  Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐  The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐  The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☒  Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒  If relief from stay is not granted, adequate protection shall be ordered.

14. ☐  See attached continuation page for other relief requested.

Date:    8/29/2024                                    BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
                                                      Printed name of law firm (*if applicable*)

                                                      DARLENE C. VIGIL
                                                      Printed name of individual Movant or attorney for Movant

                                                      /s/Darlene C. Vigil
                                                      Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 5                          **F 4001-1.RFS.RP.MOTION**

## REAL PROPERTY DECLARATION

I, (*print name of Declarant*) *Maurice D. Lowe*                                    , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐ I am the Movant and owner of the Property.

    b.  ☒ I am employed by Movant as (*state title and capacity*): Bankruptcy & Foreclosure Mortgage Analyst

    c.  ☐ Other (*specify*): I am a/an _____

2.  a.  ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐ Other (*see attached*): See attachment page.

3.  The Movant is:

    a.  ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit __2__.

    b.  ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit __1__.

    c.  ☐ Servicing agent authorized to act on behalf of the:

        ☐ Holder.

        ☐ Beneficiary.

    d.  ☐ Other (*specify*):

4.  a.  The address of the Property is:

        *Street address:* 5352 ORRVILLE AVE
        *Unit/suite no.:*
        *City, state, zip code:* WOODLAND HILLS, CA 91367

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

        20220749192  LOS ANGELES COUNTY

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                        Page 6                          **F 4001-1.RFS.RP.MOTION**

5. Type of property (*check all applicable boxes*):

a. ☒ Debtor's principal residence     b. ☐ Other single family residence

c. ☐ Multi-unit residential     d. ☐ Commercial

e. ☐ Industrial     f. ☐ Vacant land

g. ☐ Other (*specify*):

6. Nature of Debtor's interest in the Property:

a. ☒ Sole owner

b. ☐ Co-owner(s) (*specify*):

c. ☐ Lien holder (*specify*):

d. ☐ Other (*specify*):

e. ☒ Debtor     ☒ did   ☐ did not list the Property in the schedules filed in this case.

f. ☐ Debtor acquired the interest in the Property by   ☐ grant deed   ☐ quitclaim deed   ☐ trust deed
The deed was recorded on *(date)* :_____.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
that encumbers the Property.

a. ☒ A true and correct copy of the document as recorded is attached as Exhibit **1** .

b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
attached as Exhibit **2** .

c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
trust to Movant is attached as Exhibit ____.

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $355,552.81 |
| b. | Accrued interest: | $ | $ | $38,635.90 |
| c. | Late charges | $ | $ | $640.73 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $1,294.00 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[ | $[     ] | $[    ] |
| g. | TOTAL CLAIM as of *(date)* : 8/22/2024 | $ | $ | $396,123.44 |

h. ☐ Loan is all due and payable because it matured on *(date)*: _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
has occurred*):

a. Notice of default recorded on *(date)* _____or ☒ none recorded.

b. Notice of sale recorded on *(date)* _____or ☒ none recorded.

c. Foreclosure sale originally scheduled for *(date)* _____or ☒ none scheduled.

d. Foreclosure sale currently scheduled for *(date)* _____or ☒ none scheduled.

e. Foreclosure sale already held on *(date)* _____ or ☒ none held.

f. Trustee's deed upon sale already recorded on *(date)* _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017            Page 7            F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit ___ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

a. Amount of current monthly payment as of the date of this declaration: $ 2,535.50  for the month of  July, 2024 

b. Number of payments that have come due and were not made: __13__. Total amount: $34,264.34          .

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $ 2,710.36      will come due on (*date*)  8/27/2024      , and on the __27th__ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $ N/A      will be charged to the loan.

d. The fair market value of the entire Property is $ 1,510,000.00      , established by:

(1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

(2) ☒ A real estate broker or other expert's declaration regarding value is attached as Exhibit __3__.

(3) ☐ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit _____.

(4) ☐ Other (*specify*):

e. **Calculation of equity/equity cushion in Property:**
Based upon ☐ preliminary title report    ☒   Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

|  | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | BMO Bank, NA | $ 875,940 | $1,079,166.90 *MFR Decl |
| 2nd deed of trust: | Movant | $ 156,092 | $   396,123.44 |
| 3rd deed of trust: |  | $ | $ |
| Judgment liens: | Armen Manasserian | $ 80,969.02 | $ |
| Taxes: |  | $ | $ |
| Other |  | $ | $ |

TOTAL DEBT:$  1,556,259.36

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit  4  and 5  and consists of:

(1) ☐ Preliminary title report

(2) ☒ Relevant portions of Debtor's schedules as filed in this case

(3) ☒ Other (*specify*): BMO Bank, NA's Declaration in Support of its Motion for Relief from the Automatic Stay filed in this case on May 23, 2024 as (Dkt. #91), a copy of which is attached as **Exhibit 5** to the Request for Judicial Notice filed concurrently herewith.

g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 34,709.66      and is  3 % of the fair market value of the Property.

h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ -  (46,259.36)    .

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                Page 8                         F 4001-1.RFS.RP.MOTION

    i.  ☒ Estimated costs of sale: $ 120,800.00 _____ (estimate based upon _8_% of estimated gross sales price)

    j.  ☐ The fair market value of the Property is declining because:

12. ☐ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

    a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

    b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit ____.)

    c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

    d.  Postpetition advances or other charges due but unpaid:       $
(*For details of type and amount, see Exhibit _____*)

    e.  Attorneys' fees and costs       $
(*For details of type and amount, see Exhibit _____*)

    f.  Less suspense account or partial paid balance       $[            ]

           TOTAL POSTPETITION DELINQUENCY:      $

    g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a
late charge of $ N/A will be charged to the loan.

    h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):

        $ _____ received on (date)_____
        $ _____ received on (date)_____
        $ _____ received on (date)_____

    i.  ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*)_____, which is  ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

1. Case name:_____
Chapter:_____ Case number:_____
Date dismissed:_____ Date discharged: _____ Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not  granted.

2. Case name:_____
Chapter:_____ Case number:_____
Date dismissed:_____ Date discharged: _____ Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not  granted.

3. Case name:_____
Chapter:_____ Case number:_____
Date dismissed:_____ Date discharged: _____ Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

08/28/2024    Maurice D. Lowe
_____
Date        Printed name

_____
Signature

Bankruptcy & Foreclosure Mortgage Analyst

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017        Page 11        F 4001-1.RFS.RP.MOTION

1   DARLENE C. VIGIL
    CA NO. 223442
2   BARRETT DAFFIN FRAPPIER
    TREDER & WEISS, LLP
3   3990 E. CONCOURS STREET, SUITE 350
    ONTARIO, CA 91764
4   Phone: (626) 371-7000, Fax: (972) 661-7726
5   E-mail:  cdcaecf@bdfgroup.com
    File No.10216976
6

7   Attorneys for Movant
    PENTAGON FEDERAL CREDIT UNION
8
                    UNITED STATES BANKRUPTCY COURT
9
          CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION
10

11  In re:                             CASE NO.:        1:24-bk-10005-VK

12  AMY JAM,                           CHAPTER:        11
    MOHSEN AHMADI HADAD,
13
                                       REQUEST FOR JUDICIAL NOTICE IN
14                                     SUPPORT OF MOTION FOR RELIEF
                                       FROM THE AUTOMATIC STAY
15

16

17                Debtors.

18

19

20
            Pursuant to Federal Rule of Evidence 201, Movant Pentagon Federal Credit Union ("Pentagon")
21
    by  and  through  its  undersigned  counsel,  Barrett  Daffin  Frappier  Treder  &  Weiss,  LLP  hereby
22
    requests that the Court take judicial notice of the following exhibit:
23

24          1.      Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362

25  (with supporting declarations) (Real Property) filed by BMO Bank N.A. on May 23, 2024 as Docket No.

26  91,  a true and correct copy of which (without exhibits) is attached hereto as **Exhibit 5** and incorporated

27

28

1    herein by reference.

2

3                                        BARRETT DAFFIN FRAPPIER
                                         TREDER & WEISS, LLP
4

5    Dated:  August 29, 2024            By:    /s/ Darlene C. Vigil
                                               DARLENE C. VIGIL
6                                              Attorneys for Movant
                                               PENTAGON FEDERAL CREDIT UNION
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



**This page is part of your document - DO NOT DISCARD**



# 20220749192

**Pages:
0009**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**07/22/22 AT 08:00AM**

| | |
|---|---:|
| FEES: | 50.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 125.00 |



**SEQ:
01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**





*E502868*

# EXHIBIT 1

**Recording Requested By:**
**Pentagon Federal Credit Union, a Federal**
**Credit Union**

**After Recording Return To:**
**PenFed Vault at Iron Mountain**
**4117 Pinnacle Point Drive**
**Suite 100**
**Dallas, TX 75211**

**Prepared By:**
**Michelle Davis**
**Pentagon Federal Credit Union**
**2930 Eisenhower Ave**
**Alexandria, VA 22314**
**800-970-7766 5790**

LOAN #: █████████

# OPEN END DEED OF TRUST
## (Securing Future Advances)

      **THIS DEED OF TRUST** is made on   **July 12, 2022.**         The trustor is   **Amy Jam, an Unmarried Woman**

whose address is   **5352 Orrville Ave**
                     **Woodland Hills, CA 91367**

                                                    (herein "Borrower").

The trustee is   **Tom Wood**

("Trustee"). The beneficiary is   **Pentagon Federal Credit Union, a Federal Credit Union,**

whose address is   **7940 Jones Branch Drive**
                     **Tysons, VA 22102**

In this Deed of Trust, the terms "you," "your" and "yours" refer to the trustor(s). The terms "we," "us" and "our" refer to the beneficiary.

      Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Deed of Trust ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of   **THREE HUNDRED FIFTY EIGHT THOUSAND ONE HUNDRED AND NO/100** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * Dollars (U.S. **$358,100.00**    ). All amounts due under the Agreement must be paid in full not later than   **July 27, 2052.**

**CA** – DEED OF TRUST – Single Family – **HELOC** – HC# 4812-1209-4054v2
ICE Mortgage Technology, Inc.                         Page 1 of 7                    CAUHLCDL 1018
                                                       GHLC19DL (CLS)
                                              07/08/2022 01:56 PM PST

**EXHIBIT 1**

**LOAN #:** ▮▮▮▮▮▮▮▮

You agree that this Deed of Trust shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement. The parties hereto intend that this Deed of Trust shall secure unpaid balances, and all other amounts due to us hereunder and under the Agreement.

This Deed of Trust secures to us: (a) the repayment of the debt evidenced by the Agreement, with interest, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Deed of Trust to protect the security of this Deed of Trust; and (c) the performance of your covenants and agreements under this Deed of Trust and the Agreement. For this purpose and in consideration of the debt, you irrevocably grant and convey to the Trustee and Trustee's successors and assigns, in trust, with power of sale, the following described property located in **Los Angeles**                County, California:
**See Exhibit A**
**APN #:  2047-008-028**

which has the address of   **5352 Orrville Ave, Woodland Hills, CA 91367 ("Property Address").**

**TOGETHER WITH** all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

**YOU COVENANT** that you are lawfully seised of the estate hereby conveyed and have the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**YOU AND WE** covenant and agree as follows:

**1.   Payment of Principal, Interest and Other Charges.** You shall pay when due the principal and interest owing under the Agreement and all other charges due hereunder and due under the Agreement, including any amounts you are required to pay into an escrow or impound account with us pursuant to Section 3.
**2.   Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 shall be applied by us as provided in the Agreement.
**3.   Prior Deed of Trusts; Charges; Liens.** You have disclosed to us and obtained our approval of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust. You shall perform all of your obligations under any mortgage, deed of trust or other security instruments with a lien which has priority over this Deed of Trust, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust or any advance under this Deed of Trust, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Deed of Trust or any advance under this Deed of Trust.

Subject to applicable law, we may, upon notice either before or after the execution of this Deed of Trust, require you to pay amounts into an escrow or impound account with us, on the day monthly payments are due under the Agreement, up to the

**EXHIBIT 1**

**LOAN #:** ▮▮▮▮▮▮▮

maximum amount permitted by law for the payment of all (a) taxes, assessments (including condominium and planned unit development assessments, if any) and other items which may attain priority over this Deed of Trust; (b) premiums for hazard insurance and any mortgage insurance required by us under this Deed of Trust; and (c) leasehold payments or ground rents on the Property, if any.

   **4.   Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding and earthquakes, for which we require insurance. This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices. If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 6. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance. You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

   We may also, at our option and on your behalf, adjust and compromise any claims under the insurance, give releases or acquittances to the insurance company in connection with the settlement of any claim and collect and receive insurance proceeds. You appoint us as your attorney-in-fact to do all of the foregoing, which appointment you understand and agree is irrevocable, coupled with an interest with full power of substitution and shall not be affected by your subsequent disability or incompetence.

   Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Deed of Trust, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days after we give notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.

   You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

   **5.   Preservation, Maintenance and Protection of the Property; Loan Application; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. You shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Deed of Trust or our security interest. You may cure such a default, as provided in Section 17, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of the lien created by this Deed of Trust or our security interest. You shall also be in default if you, during the loan application process, gave materially false or inaccurate information or statements to us (or failed to provide us with any material information) in connection with the loan evidenced by the Agreement, including, but not limited to, representations concerning your occupancy of the Property as a principal residence. If this Deed of Trust is on a leasehold, you shall comply with the lease. You shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. You shall not, without our express written consent, alter or amend the ground lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

   **6.   Protection of Our Rights in the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Deed of Trust, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Deed of Trust or over any advance under the Agreement or this Deed of Trust, appearing in court, paying reasonable attorney's fees, paying any sums which you are required to pay under this Deed of Trust and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this Section; and amounts we pay under this Section shall become additional debts you owe us and shall be secured by this Deed of Trust. These amounts shall bear interest from the disbursement date at the rate established under the Agreement and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Deed of Trust, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

   **7.   Inspection.** We may enter and inspect the Property at any reasonable time and upon reasonable notice.

**CA – DEED OF TRUST** – Single Family – **HELOC** – HC# 4812-1209-4054v2
ICE Mortgage Technology, Inc.

CAUHLCDL  1018
GHLC19DL (CLS)
07/08/2022 01:56 PM PST

**EXHIBIT 1**

**LOAN #:** ▮▮▮▮▮▮▮

**8.   Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

**9.   No Release Upon Extension or Modification.** Our granting of any extension of time for payment or our agreement to modify the terms of repayment of the obligations under the Agreement or the requirements in this Deed of Trust shall not operate to release you from your obligations or liability under the Agreement or this Deed of Trust.

**10.   Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Deed of Trust but does not execute the Agreement: (a) is co-signing this Deed of Trust only to mortgage, grant and convey such person's interest in the Property; (b) is not personally obligated to pay the Agreement, but is obligated to pay all other sums secured by this Deed of Trust; and (c) agrees that we and anyone else who signs this Deed of Trust may agree to extend, modify, forbear or make any accommodations regarding the terms of this Deed of Trust or the Agreement without such person's consent.

**11.   Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement.

**12.   Notices.** Unless otherwise required by law, any notice to you provided for in this Deed of Trust shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us, and any notice to us shall be delivered or mailed by first class mail to our address stated above or any other address we designate by notice to you.

**13.   Governing Law; Severability.** The interpretation and enforcement of this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Deed of Trust or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Agreement which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Agreement are declared to be severable.

**14.   Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Deed of Trust.

**15.   Sale of Agreement; Change of Loan Servicer.** The Agreement or a partial interest in the Agreement (together with this Deed of Trust) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Deed of Trust. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

**16.   Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Deed of Trust, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.

**EXHIBIT 1**

LOAN #: ▇▇▇▇▇▇▇▇

As used in this Deed of Trust, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**17.  Acceleration; Remedies. You will be in default if (1) any payment required by the Agreement or this Deed of Trust is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) your action, or your failure to act, adversely affects our security for the Agreement or any right we have in the Property. If a default occurs, we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense you may have to acceleration and sale. If the default is not cured on or before the date specified in the notice, we, at our option, may require immediate payment in full of all sums secured by this Deed of Trust without further demand and may invoke the power of sale and other remedies permitted by applicable law. We shall be entitled to collect all expenses incurred in pursuing remedies provided in this Section 17, including, but not limited to, reasonable attorneys' fees as permitted by applicable law.**

**If we invoke the power of sale, we shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of our election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. We or the Trustee shall mail copies of the notice as prescribed by applicable law to you and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on you, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. We or our designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be conclusive evidence of the truth of the statements made therein, unless otherwise provided by applicable law. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, as set forth above; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it.**

**18.  Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Deed of Trust under the provisions of Section 17, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Deed of Trust.

**19.  Reconveyance.** Upon your request that we terminate the Agreement secured by this Deed of Trust and payment of all sums secured by this Deed of Trust, we shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

**20.  Substitute Trustee.** We may, at our option, from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by us and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original lender, Trustee and borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21.  Request for Notices.** You request that copies of the notices of default and sale be sent to your address which is the Property Address.

**22.  Statement of Obligation Fee.** We may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided in Section 2943 of the Civil Code of California.

**23.  Waiver.** No waiver by us at any time of any term, provision or covenant contained in this Deed of Trust or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision or covenant at any other time.

**24.  Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations, provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to

**EXHIBIT 1**

LOAN #: ████████

perform any such act, or to execute or consent to any such transaction or matter, except a release of the Deed of Trust upon full repayment of all sums secured thereby.

**25. Riders to this Deed of Trust.** If one or more riders are executed by you and recorded together with this Deed of Trust, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust.
[Check applicable box(es)]

☐ Condominium Rider        ☐ 1-4 Family Rider        ☐ Planned Unit Development Rider
☐ Other(s) (specify)

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

BY SIGNING BELOW, You accept and agree to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by you and recorded with it.

Signed, sealed and delivered in the presence of:

_____    7/12/22  (Seal)
AMY JAM                                              DATE

**EXHIBIT 1**

LOAN # ███████

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of CALIFORNIA**
**County of LOS ANGELES**

On JULY 12, 2022, before me, _Jennifer E Nelson - Notary Public_ (here insert name and title of the officer), personally appeared AMY JAM, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

_Jennifer E Nelson_ _____ (NOTARY)

(SEAL)

```
JENNIFER E. NELSON
Notary Public · California
Los Angeles County
Commission # 2394982
My Comm. Expires Mar 25, 2026
```

**Lender: Pentagon Federal Credit Union**
**NMLS ID: 401822**
**Loan Originator: Michael Glavaz**
**NMLS ID: 291664**

**EXHIBIT 1**

**Order Number: 29985473**

Loan No #
Order #
Name:                Amy Jam

Property Address:        5352 Orrville Ave
                        Woodland Hills, CA, 91367

# EXHIBIT A

## Legal Description

The following described property:

LOT 27 OF TRACT NO. 26660, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 774, PAGES 96 TO 98 INCLUSIVE
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel No:        2047-008-028

**EXHIBIT 1**

# EXHIBIT 2

# HOME EQUITY LINE OF CREDIT AGREEMENT

Borrower Name: **Amy Jam**
Lender Name: **Pentagon Federal Credit Union**
Lender Address: **7940 Jones Branch Drive, Tysons, VA 22102**
Lender License No.:

Credit Account Number (also referred to as "Loan Number"):
Date: **July 12, 2022**

| **ANNUAL PERCENTAGE RATE: 4.500%** | Daily Periodic Rate: **0.0123287671%** |
|---|---|
| Index: **4.000%** | Margin: **0.500%** |
| Credit Limit (US Dollars): **$358,100.00** | Initial Advance (US Dollars): **$45,693.57** |

Property Address (Subject to Security Instrument):
**5352 Orrville Ave**
**Woodland Hills**, **CA 91367**

This is the Agreement (the "Agreement"), dated **July 12, 2022**, governing your Home Equity Line of Credit ("Credit Account") with **Pentagon Federal Credit Union**, **7940 Jones Branch Drive**, **Tysons, VA 22102**, ("Lender"). Read this Agreement carefully so that you know how your Credit Account works. As you read this Agreement remember that the terms "we," "us," and "our" refer to Lender and to any other person (including any other entity) to whom this Agreement is assigned. "You," "your," and "yours" refer to each person who signs this Agreement or has authority to use the Credit Account. "Security Instrument" means the mortgage, deed of trust, deed to secure debt or other security instrument you are giving us on your home. Your Credit Account, any amount you owe, and our Security Instrument on your home may be sold or transferred to another person at anytime. If this happens, this Agreement and the Security Instrument will remain in effect.

You acknowledge that you plan to use the Credit Account described in this Agreement as a revolving line of credit rather than a one-time credit advance. You understand that this means that we may legitimately expect that you plan to request advances during the Advance Period described in Section 5 of this Agreement.

**1. WHAT IS YOUR HOME EQUITY LINE OF CREDIT?** It is a credit arrangement in which we make loans to you by advancing funds ("Advances") from your Credit Account at your direction, allowing you to repay the Advances and take additional Advances. You promise and agree to repay these Advances, any interest which accrues on them, and all other amounts for which you are responsible under the terms of this Agreement.

**2. SECURITY INTEREST.** As a part of this transaction, you are granting us a security interest in the property, which is further described in the Security Instrument, and which is located at:
**5352 Orrville Ave, Woodland Hills, CA 91367** (the "Property"). All of the terms and conditions of the Security Instrument are very important and should be read in conjunction with this Agreement.

**3. CREDIT LIMIT AND OVER LIMIT FEE.** We have assigned a Credit Limit of **$358,100.00** ("Credit Limit") on your Credit Account. You may not request an Advance that would cause your unpaid balance to exceed your Credit Limit. We are not required to pay any item which would cause you to exceed your Credit Limit. If we do make the Advance, it does not mean your Credit Limit has been raised. We may require you to repay the amount over your Credit Limit at once. You agree to pay a fee of **$20.00** for each Advance in excess of your Credit Limit. Any sums in excess of the Credit Limit will not be secured by the Security Instrument, unless they are for accrued but unpaid interest or expenditures made pursuant to the Security Instrument.

**4. USING YOUR CREDIT ACCOUNT.** You may use your Credit Account when you receive notice from us that your Credit Account has been established. You may request an Advance from your Credit Account by:

☑ **Draw Check.** If this box is checked, you may write a Home Equity Line of Credit Check ("Draw Check"). You may request an Advance by writing a Draw Check for the exact amount which you desire. When you use the Draw Checks, you agree to waive any right you may have to notice of dishonor, presentment, provisional or final settlement within a given time or any other related right. We may dishonor any Draw Check presented to us if you are in default under this Agreement.

EXHIBIT 2

We may also notify you of other available methods to access your Credit Account.

If you take an Advance at closing by signing a loan request or other form of authorization, we will disburse the amount to you promptly but no earlier than the end of any applicable period during which you could exercise a right to rescind. You may not use an Advance to make payments on your Credit Account.

**5. LENGTH OF YOUR ADVANCE PERIOD AND REPAYMENT PERIOD.** You may take Advances for a period of **120** Monthly Statement Periods after the date your Credit Account is opened ("Advance Period"). After the Advance Period, unless extended, you may not take further Advances. Your principal balance will then be fixed and you will be required to repay it and any interest and other charges which accrue over the next **240** Monthly Statement Periods ("Repayment Period"). The last day of the Repayment Period will be **July 27, 2052** ("Maturity Date"). You must pay all sums owed on the Maturity Date in full.

A Monthly Statement Period is an interval of approximately one month beginning on the date your Credit Account is opened and recurring regularly until your Credit Account is finally closed. Monthly Statement Periods occur regardless of whether there is a balance or any activity in your Credit Account or whether we have sent you a statement for the period. Your first Monthly Statement Period may be shorter than a month depending on when your Credit Account is opened.

**6. PROMISE TO PAY.** You promise to repay to us in U.S. Dollars all Advances charged to your Credit Account, plus finance charges and all other amounts due under this Agreement or the Security Instrument. To avoid being in default, you must pay us at least the minimum payment (described below) by the payment due date shown on each billing statement we will send to you. In any event, you promise to pay the balance of your Credit Account at the termination of this Agreement.

**7. MINIMUM PAYMENT.** Each billing statement we send you will identify a minimum monthly payment amount that you must pay. During the Advance Period (including any extension thereof), your minimum monthly payment will be the greater of **$100.00** or the accrued finance charge, plus any fees and amounts past due.

The minimum monthly payment during the Advance Period may not reduce the principal that is outstanding on your Credit Account.

During the Repayment Period, your minimum monthly payment will be the greater of **$100.00** or **0.417%** of your unpaid Advances as of the end of the Advance Period, plus the amount of accrued finance charges, plus any fees and amounts past due.

If the periodic rate and corresponding Annual Percentage Rate change during the Repayment Period (as described in Section 8 below), your minimum monthly payment will be adjusted accordingly (as described in Section 8 below).

In addition, and regardless of whether an escrow account has been established, if you fail to pay (a) taxes, assessments (including condominium and planned unit development assessments, if any) and other items which may attain priority over the Security Instrument; (b) premiums for hazard insurance and any mortgage insurance required by us under the Security Instrument; and (c) leasehold payments or ground rents on the Property, if any, we may require you to make additional monthly payments to us for those amounts, or we may charge those amounts to your Credit Account as Advances. **You may obtain all required hazard insurance on the Property from anyone you want that is reasonably acceptable to us.**

You may prepay the amount of any Advances at any time before payment is due.

**8. FINANCE CHARGES.** Periodic Finance Charges (interest) begin to accrue on the day an Advance is charged to your Credit Account and continue until the outstanding balance on the Advance is paid in full. Periodic Finance Charges on your Credit Account will be determined by applying a Daily Periodic Rate to the daily balance (including current transactions) of Advances owed on your Credit Account. To calculate the daily balance of Advances, we take the beginning balance of Advances owed on your Credit Account each day, add any new Advances, and subtract any payments or credits applied to Advances. This gives us the daily balance of Advances (including current transactions). We then apply the applicable daily periodic rate to each daily balance of Advances and add up the results of this daily interest computation for each day of the Monthly Statement Period. This total is the periodic Finance Charge for the Monthly Statement Period.

We treat credit balances as zero balances when we figure the balances that are subject to periodic Finance Charge.

The periodic rate and its corresponding Annual Percentage Rate are variable rates based on an interest rate index. The index for your Credit Account is the **Prime Rate** as most recently published on the first day of each calendar month in the "Money Rates" table in any U.S. edition, including any electronic edition, of The *Wall Street Journal* (the "Index"). We will use the highest **Prime Rate** if more than one is published. The **Prime Rate** is merely a pricing index. It is not intended, and you should not consider it, to represent the lowest or the best interest rate that we, our affiliated organizations or any other financial institution may charge. If the **Prime Rate** becomes unavailable during the term of this Agreement, we may designate a substitute Index and Margin upon notice to you. The Daily Periodic Rate and its corresponding Annual Percentage Rate may change (increase or decrease) the first day of the Monthly Statement Period after the Index changes.

An increase in the Annual Percentage Rate and the Daily Periodic Rate will result in a higher periodic Finance Charge and a higher minimum payment, while a decrease in those rates will result in a lower periodic Finance Charge and a lower minimum payment, assuming the same principal balance and number of days in the Monthly Statement Period.

EXHIBIT 2

We will determine your daily periodic rate by adding **0.500** percentage points (the "Margin") to the Index, and dividing the result by 365 (366 in leap years).

At no time will your <u>**ANNUAL PERCENTAGE RATE**</u> be greater than **18.000%** or less than **3.750%**. The Annual Percentage Rate cannot increase by more than **14.250** percentage points in any **1 month period** due to changes in the Index. The Annual Percentage Rate does not include costs other than interest.

## 9. FIXED RATE INSTALLMENT LOAN OPTION [Not Applicable]

**10. PAYMENTS.** All payments on your Credit Account made by check or money order must be delivered to us at the address indicated on your billing statement. Any payment may be returned without applying it to your Credit Account if the check or money order is: (1) not drawn on the U. S. Postal Service or a financial institution located in the United States of America; (2) not payable in U.S. Dollars; (3) drawn with different numeric and written amounts; (4) missing a signature; (5) postdated; or (6) unacceptable for any other reason. We may apply all payments and credits in accordance with our standard operating procedures and with the requirements of applicable law. Unless otherwise required by applicable law, we will apply your payments in the following order: finance charges, late charges, expenses, recurring fees, extension fees, insurance premiums, other charges, and then to principal.

If we receive payments at locations other than the address indicated on your billing statement, such payments will be credited promptly to your Credit Account, but crediting may be delayed for up to five (5) days after receipt.

Although payments will always be credited to reduce the amounts owed on your Credit Account as stated above, we may apply our standard operational procedures to verify that we have received good funds after we receive your payments before releasing any payment amount that has been applied to principal as available credit on your Credit Account.

We do not process payments received by mail on Saturdays, Sundays or bank holidays. If the payment due date falls on one of these days, payments we receive by mail will be considered timely so long as the payment is posted on or before the next bank business day. We can accept late payments, partial payments, checks or money orders marked "paid in full" or containing similar language without losing any of our rights under this Agreement.

**11. CLOSING COSTS.** You may be required to pay certain closing costs. These costs are set forth below and must be paid at closing.

Closing Cost <u>FINANCE CHARGES:</u>

| | | |
|---|---|---|
| **Flood Certification** | **$8.50** | **($8.50 PAC/L)** |
| Total: | **$8.50** | |

**POC=Paid Outside of Closing; PAC=Paid At Closing**
**Borr=Borrower Paid; B=Broker Paid; L=Lender Paid; O=Paid By Other**

Other Closing Costs:

| | | |
|---|---|---|
| **Credit Report** | **$8.31** | **($8.31 PAC/L)** |
| **AVM** | **$12.50** | **($12.50 PAC/L)** |
| **Property Condition Report** | **$41.00** | **($41.00 PAC/L)** |
| **Title Search** | **$95.50** | **($95.50 PAC/L)** |
| **Settlement Fee** | **$200.00** | **($200.00 PAC/L)** |
| **Recording Fees** | **$125.00** | **($125.00 PAC/L)** |
| Total: | **$482.31** | |

**POC=Paid Outside of Closing; PAC=Paid At Closing**
**Borr=Borrower Paid; B=Broker Paid; L=Lender Paid; O=Paid By Other**

## 12. OTHER FEES.

**A. LATE FEES.** If you do not make the full current minimum payment within **15** days after the date it is due, a late fee of **5.000%** of the principal and interest overdue will be charged.

**B. EARLY TERMINATION FEE [Not Applicable]**

**C. STOP PAYMENT FEE.** You may ask us in writing to "stop payment" on a Draw Check. If you do, you must tell us the name of the payee, the amount, date and number of the Draw Check, and who signed it. We are not bound by a stop payment order unless we have a reasonable opportunity to act on it and will not be liable for failing to stop payment if we used ordinary care. You agree to indemnify us and will pay all costs and expenses we incur (including reasonable attorneys' fees as permitted by applicable law) as a result of honoring your stop payment order. This indemnity will survive any termination of this Agreement. You agree to pay a fee of **$20.00** for each request to "stop payment" on a Draw Check.

EXHIBIT 2

**D. ANNUAL FEE.** You agree to pay us a non-refundable Annual Fee of **$99.00** during the Advance Period. Unless you terminate your Credit Account and pay the outstanding balance, the Annual Fee will be charged to your Credit Account annually during the Advance Period in the Monthly Statement Period ending in your anniversary month which we assign to your Credit Account.

**E. STATEMENT, RETURNED PAYMENT, PHOTOCOPY AND RESEARCH FEES.**
• **STATEMENT FEE: [Not Applicable]**
• **RETURNED PAYMENT FEE:** You agree to pay us **$30.00** for each payment check, draft or similar instrument applied to your credit account which is returned unpaid.
• **PHOTOCOPY FEE: [Not Applicable]**
• **RESEARCH FEE: [Not Applicable]**

**F. RETURNED CREDIT LINE CHECK FEE.** You agree to pay us **$30.00** if a Check is drawn on your HELOC Account in an amount that causes the amount you owe to exceed your Credit Limit. This is in addition to the over limit fee you agreed to in Section 3.

**G. WIRE FEE.** You agree to pay us **$25.00** if you request that we wire any Advance on your HELOC Account. The wire fee is a **FINANCE CHARGE.**

**13. RELEASE.** We will release the Security Instrument when all amounts due under the Security Instrument and this Agreement have been paid and the Credit Account and this Agreement have been terminated. When we discharge or release the Security Instrument or any other documents recorded or filed to perfect our security interest in the Property, you shall pay any recordation or filing costs. Recordation or filing costs are estimated to be **$100.00**.

**14. SUBSEQUENT APPRAISALS.** At any time as we may reasonably require, while you have the right to take Advances on your Credit Account, we may obtain an appraisal on the Property, at our sole option and expense. You agree that you will cooperate with us in obtaining such an appraisal.

**15. DEFAULT.** You will be in default if:

    a.   You engage in fraud or material misrepresentation at any time in connection with your Credit Account.
    b.   You fail to meet the repayment terms of this Agreement.
    c.   Your action or inaction adversely affects the Property or our rights in it. Examples of these actions and inactions include, but are not limited to circumstances in which:
        1.   You are the sole borrower on this Credit Account and you die.
        2.   There are two borrowers on this Credit Account, one of you dies, and that adversely affects our interest in the Property.
        3.   The Property is used for an illegal purpose that subjects the Property to seizure.
        4.   You transfer all or part of your interest in the Property without our written consent.
        5.   All or part of the Property is taken by condemnation or eminent domain.
        6.   A prior lienholder forecloses.
        7.   You fail to keep the Property properly insured.
        8.   You fail to pay real property taxes and assessments on the Property when they are due.
        9.   You commit waste or otherwise destructively use the Property or fail to keep the Property properly maintained and in good repair.

If you default, we have the right, at our option, subject to any notice and/or right to cure you may have under applicable law, to terminate this Agreement and your Credit Account and to require the immediate payment of the entire amount owed to us, and/or to cause your home to be sold at foreclosure sale. We may also take lesser actions, such as temporarily or permanently suspending your credit privileges or reducing the Credit Limit. If we refer your Credit Account to an attorney who is not our salaried employee for collection or foreclosure, you agree to pay our reasonable attorneys' fees as permitted by applicable law, including any attorneys' fees as permitted by applicable law relating to any insolvency, liquidation, receivership or bankruptcy proceedings, plus court costs and the costs related to foreclosure.

**16. SUSPENSION OF CREDIT PRIVILEGES/REDUCTION OF CREDIT LIMIT.** We can refuse to make Advances or reduce your Credit Limit during any period in which:

    a.   The value of the Property declines significantly below its original appraised value for purposes of this Credit Account.
    b.   We reasonably believe you will not be able to meet the repayment requirements set forth in this Agreement due to a material change in your financial circumstances.
    c.   You fail to meet any material obligation you have under this Agreement.
    d.   Government action prevents us from imposing the Annual Percentage Rate provided for in this Agreement.
    e.   Government action impairs our security interest such that the value of our security interest is less than 120 percent of your Credit Limit.
    f.   A regulatory agency which supervises us has notified us that continued Advances would constitute an unsafe and unsound practice.
    g.   The maximum Annual Percentage Rate (or rate cap) is reached.

If we refuse to make additional Advances or reduce your Credit Limit under this provision, we may refuse to honor any requests for Advances, including those requests made before but presented to us after we made our decision. We will send you a written notice stating the reason for our action. If for any reason you believe your Credit Limit should be

Home Equity Line of Credit Agreement    Page 4 of 7    GHLCAGR.DOCX 0422
ICE Mortgage Technology, Inc.    GHLCAGR (CLS)
07/08/2022 01:56 PM PST

**EXHIBIT 2**

reinstated, you must send us a written request for reinstatement and include in the request the reasons why you believe your credit privileges or Credit Limit should be reinstated.

**17. SALE OF PROPERTY.** The Security Instrument signed in connection with this Agreement gives us certain rights to your Property. The law gives us other rights you also agree to give us. If you default, we may foreclose on the Security Instrument after we provide you with any required notice of default and opportunity to cure that you may have under applicable law. This means that the Property covered by the Security Instrument will be sold in order to pay the amount owed to us under this Agreement.

**18. DUE ON SALE.** If all or any part of the Property (or any interest in the Property) secured by the Security Instrument is sold or transferred without our prior written consent, we may demand immediate payment in full of this Agreement. However, we will not exercise this option if such exercise is prohibited by applicable law.

**19. PERIODIC REVIEWS AND INFORMATION.** We will conduct periodic reviews of your Credit Account based on financial and credit information we receive about you. You agree to provide us with updated financial information, in writing, if we request it. We may report information about your Credit Account to credit bureaus. Late payments, missed payments, or other defaults on your Credit Account may be reflected in your credit report. You also agree to sign any additional or corrective documents in connection with this Agreement, at our request and as allowed by law.

**20. ASSUMPTION.** Someone buying your Property may not assume this loan on these terms.

**21. SENDING OF NOTICES.** Any statement or notice to you under this Agreement will be sufficiently given if sent to your address on file in connection with your Credit Account or to a new address of which you have notified us in writing at least 20 days before the sending of the statement or notice.

**22. AMENDMENT.** In addition to our other rights in this Agreement, we may also make certain changes to the terms of this Agreement. We may make certain changes that you expressly agree to in writing at the time the change is made. We may make changes that unequivocally benefit you, such as by increasing your Credit Limit. We may also make insignificant changes to the Agreement, such as a change in the balance computation method if the change only produces an insignificant difference in the finance charge paid by you.

**23. DELAY IN ENFORCEMENT.** We may waive or delay enforcing our rights under this Agreement without losing them or relieving you of any of your obligations. We may waive or delay enforcing a right as to one of you without waiving it as to the others. We may release any security or any one of you from responsibility under this Agreement without releasing the others. We need not give anyone notice of our waiver, delay or release. We may sue any one of you without suing the others.

**24. OTHER RULES REGARDING DRAW CHECKS.** You agree that the Draw Checks we supply you with in connection with your Credit Account are our property and that you will return them to us at our request.

We are not responsible if anyone refuses to honor a Draw Check. We may honor postdated Draw Checks and are not responsible if we do so. We are not required to certify Draw Checks.

We will retain your cancelled Draw Checks. You agree that your cancelled Draw Checks will not be returned in your billing statement and that the original cancelled Draw Checks may be destroyed after a reasonable period of time as we may determine. You agree that by maintaining the original Draw Checks or a copy thereof on your behalf, we have otherwise made the Draw Checks available to you in a reasonable manner. You may request a copy of any cancelled Draw Check. If for any reason we cannot return a copy of your Draw Check or satisfy your needs through other means, you agree that we will not be liable for more than the face amount of the Draw Check.

**25. LOST OR STOLEN DRAW CHECKS.** You agree to notify us promptly if any of your Draw Checks are lost or stolen. You also agree to cooperate with us or any law enforcement agency in any effort to investigate the circumstances surrounding the incident and to minimize potential losses to you or us stemming from the unauthorized use of your Draw Checks. You agree to keep your Draw Checks safe from loss, theft and unauthorized use.

**26. LEGAL PURPOSES.** You may not use any Advances for purposes that violate any applicable federal, state or local laws or regulations.

**27. SETOFF [Not Applicable]**

**28. APPLICABLE LAW.** Except to the extent that federal law controls, your rights, our rights, and the terms of this Agreement will be governed by the law of the State where the Property is located, without regard to principles of choice of law or conflict of law. In the event any provision or clause of this Agreement or the Security Instrument conflicts with applicable law, such conflict shall not affect other provisions of this Agreement or the Security Instrument which can be given effect without the conflicting provision. To this end the provisions of this Agreement and the Security Instrument are declared to be severable.

**29. SPECIAL NOTICE REGARDING REQUIRED HAZARD INSURANCE COVERAGE.** The Security Instrument signed in connection with this Agreement requires you to maintain hazard insurance coverage. Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests unless applicable law requires such protection. Unless required by applicable law, the coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the costs of that insurance,

EXHIBIT 2

including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation and will be determined based upon the amount and type of coverage obtained and the filed rates of the insurance company. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own. **You may obtain hazard insurance on the Property from anyone you want that is acceptable to us.**

**30. JOINT ACCOUNT.** On a joint account each of you may use the Credit Account, but the total unpaid balance may not exceed the Credit Limit. Each of you is individually responsible for payment of the entire balance regardless of who actually requested the Advance. Each of you has the right, upon proper written notice to us, to have the Credit Limit reduced or to suspend the privilege of obtaining new Advances. A request to suspend the privilege of obtaining Advances, even if made only by one of you, will be effective against all of you who are eligible to obtain Advances under this Agreement. In order to restore the Credit Account, we may require a written request for reinstatement and financial information from all of you and we may refuse to restore the Credit Account if you no longer qualify under the criteria then in effect for new Credit Accounts. Any request for reinstatement would have to be made by all of you, despite the fact that only one of you may have requested the suspension of Advances. You agree to indemnify us and hold us harmless, and will pay all costs and expenses we incur (including reasonable attorneys' fees as permitted by applicable law) as a result of honoring the request made by any one of you under this provision.

**31. TAX CONSEQUENCES.** You acknowledge that we have given you no assurances that the interest paid on your Credit Account is tax deductible. You are urged to consult your own tax advisor concerning the deductibility of interest and other costs charged in connection with this Credit Account.

**32. ADDENDUMS TO THIS AGREEMENT.**
You acknowledge and agree that the agreements of any addendum(s) executed in conjunction with this Agreement are incorporated into and shall amend and supplement the terms of this Agreement as if the addendum(s) were a part of this Agreement. [Check applicable box(es):]

**No applicable addendums**

### Your Billing Rights
### Keep this Notice For Future Use

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify Us In Case of Errors or Questions About Your Bill.** If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at the address listed on your bill. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach us three business days before the automatic payment is scheduled to occur.

**Your Rights and Our Responsibilities After We Receive Your Written Notice.** We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your Credit Limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within 10 days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we do not follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

EXHIBIT 2

By signing this Agreement, you agree to the terms of this Agreement and acknowledge receipt of a completed copy of this Agreement, including the Billing Rights Notice. You also acknowledge that you have received the "Important Terms of Our Home Equity Line of Credit" disclosure and the brochure entitled "What You Should Know About Home Equity Lines of Credit."

_____ (Seal)
AMY JAM

**Lender: Pentagon Federal Credit Union**
**NMLS ID: 401822**
**Loan Originator: Michael Glavaz**
**NMLS ID: 291664**

EXHIBIT 2

EXHIBIT 3

1

**DECLARATION**

2

3    I, (Name) _Gilbert Begijani_ declare as follows:

4

5    1.    I have been a/an **(Job Title)** _Realtor_, duly licensed by

6    the State of California, and I have been actively involved in real property sales transactions in the State

7    of California since **(Date)** _Nov, 2006_. I am currently associated with **(Name of Employer)**

8    _Coldwell Banker Hallmark Realty_ located at

9    **(Employer Address)** _1675 W Glenoaks Blvd, Glendale, CA 91201_.

10    2.    My responsibilities include the inspection and valuation of residential real property listed

11    for sale and the review and analysis of data concerning the sale and listing prices of similar properties.

12    During my over _18_ years as a **(Job Title)** _Realtor_, I have

13    performed more than _10,000_ property valuations of residential real property in the State of

14    California based upon visual inspection and comparable sales and listing information.

15

16    3.    On **(Date)** _8/9/2024_, at the request of **PENTAGON**

17    **FEDERAL CREDIT UNION**, I performed a property value analysis of a residence located at

18    **(Property Address)** _5352 Orrville Ave, Woodland Hills, CA 91367_

19    and prepared a written report of my analysis, a true and correct copy of which is attached hereto as

20    **Exhibit "3"** and incorporated herein by this reference.  I have no present or future interest in the

21    property, which was the subject of my analysis and report, and I have no personal interest in or bias

22    toward the parties involved in this matter.  Neither my employment nor my compensation is

23    contingent upon the reporting of any pre-determined value of the property, the attainment of any

24    particular result or the outcome of the matter presently before the court.

25

26    4.    I personally performed an exterior inspection of the subject property and the exterior

27    of each of the comparable properties described in my written report.  I also examined and considered

28

**EXHIBIT 3**

1  secondary sources of information concerning the subject property and the comparable properties

2  described in my written report.  Based upon these inspections and upon the information contained in

3  my written report, I estimate that the subject property has a fair market value of

4  $ _1,510,000_ as of **(Date)** _8/9/2024_ .

5

6      5.      The foregoing facts are known to me personally, and if called as a witness, I would

7  testify competently thereto.

8      I declare under penalty of perjury under the laws of the United States that the foregoing facts

9  are true and correct.

10

11  Executed on (date) _8/26/2024_ at _Glendale_ , _CA_ .
                                          (City)              (State)

12

13

14                                         (Signature)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**

# AMO SERVICES
## ASSET MANAGEMENT OUTSOURCING, INC.

5655 Peachtree Parkway, Suite 213 | Norcross, GA 30092 | 888.907.0256

**Type of Analysis**
- ☐ Interior
- ☒ Exterior

| Inspection Date | Borrower: AMY JAM | | | Age: 54 Yrs | Style: Ranch |
|---|---|---|---|---|---|
| 08/08/2024 | | | | GLA: 2,432 SqFt | Bedrooms: 3    Baths: 3.00 |

Address: 5352 ORRVILLE AVE    Unit:

AMO ▮▮▮▮    City: WOODLAND HILLS    State: CA    Zip: 91367    Company: Gilbert Begijani

Loan ▮▮▮▮    County: Los Angeles    Broker/Agent: Gilbert Begijani

| Property Information | Good | Average | Fair | Poor |
|---|---|---|---|---|
| Conformity to Neighborhood | ☐ | ☒ | ☐ | ☐ |
| Exterior Condition | ☐ | ☒ | ☐ | ☐ |
| Landscaping/Lawn | ☐ | ☒ | ☐ | ☐ |
| Surrounding Area | ☐ | ☒ | ☐ | ☐ |
| Roof | ☐ | ☒ | ☐ | ☐ |
| Pride of Ownership | ☐ | ☒ | ☐ | ☐ |
| Overall Condition | ☐ | ☒ | ☐ | ☐ |

## Neighborhood Data

Property Type: Single Family Detached    Data Source: Tax records

Neighborhood Value: ☐ Improving  ☒ Stable  ☐ Declining    Is Subject Property: ☐ Vacant  ☒ Occupied  ☐ Unknown

Is Subject Currently Listed for Sale? ☐ Yes ☒ No    If Yes, What is Current Price? $    DOM:

Original List Price $    List Date:

Name of Current Listing Agent:    Phone #

Number of Listing in Immediate Area: 14    Price Range $ 1,440,000    to $ 1,615,000    Current Market DOM: 31 - 90 Days

## Subject

| Subject Property Address | # Units | GLA SqFt | Bedrooms | Baths | Age | Lot Size | Garage |
|---|---|---|---|---|---|---|---|
| 5352 ORRVILLE AVE - WOODLAND HILLS, CA 91367 | 1 | 2,432 | 3 | 3.00 | 54 | 11136 SF | 2 |

## Subject Comments

I have relied on tax records for the purposes of my analysis. Subject is a SFR style home in average condition. It consists of 3 bedrooms, 3 bathroom, a 2 car attached garage and a pool. It is located on a residential street, in a residential neighborhood. No physical, functional, or external inadequacies were observed. It conforms to the neighborhood.  All maintenance appears to be up to date and no repairs are necessary based on the exterior inspection. This report assumes subject interior matches its exterior.  No current market activity to report. Subject final value conclusion is based on best available comps at the time of inspection. Greatest weight was given to location and to comps in subject immediate neighborhood. The search was conducted within 0.5 miles for comparable within +/- 20 % GLA, +/- 20 years and 6 months back. However, there were limited comparable found. To locate enough comparable, it was necessary to exceed distance, GLA, age and lot size. In delivering final valuation, most weight has been placed on CS1 and LC3, as they are most similar to subject condition and overall structure.
"

## Comparable Sales

| # | Address | Proximity | # Units | GLA SqFt | Bdrms | Baths | Age | Lot Size | DOM | Org List Price | Sale Date | Finance | Sale Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 23882 Mariano Street | 0.13 mi S | 1 | 2,509 | 4 | 2.10 | 51 | 11,789 SF | 7 | $ 1,495,000 | 04/16/2024 | Conventional | $ 1,500,000 |
| 2 | 23826 Burbank Boulevard | 0.20 mi N | 1 | 2,254 | 3 | 2.00 | 62 | 12,546 SF | 11 | $ 1,550,000 | 03/14/2024 | Conventional | $ 1,542,000 |
| 3 | 23710 Kivik Street | 0.30 mi SE | 1 | 2,518 | 3 | 2.10 | 63 | 10,920 SF | 32 | $ 1,569,900 | 02/12/2024 | Conventional | $ 1,530,000 |

| # | Comparable Comments (i.e. Amenities, Location, Age, Condition, Financing Type) |
|---|---|
| 1 | Property is superior in GLA, superior in bed count, inferior in bath count, similar in year built, similar in condition to the subject. |
| 2 | Property is inferior in GLA, similar in bed count, inferior in bath count, inferior in year built, similar in condition to the subject. |
| 3 | Property is superior in GLA, similar in bed count, inferior in bath count, inferior in year built, similar in condition to the subject. |

Overall Condition  **1**  ☐ Good ☒ Average ☐ Fair ☐ Poor    **2**  ☐ Good ☒ Average ☐ Fair ☐ Poor    **3**  ☐ Good ☒ Average ☐ Fair ☐ Poor

## Current Comparable Listings

| # | Address | Proximity | # Units | GLA SqFt | Bdrms | Baths | Age | Lot Size | DOM | Orig List Price | Curr List Price | Special Financing |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 23342 Gonzales Drive | 0.71 mi SE | 1 | 2,542 | 3 | 3.00 | 61 | 7,594 SF | 21 | $ 1,449,000 | $ 1,449,000 | Conventional |
| 2 | 5752 Larryan Drive | 0.56 mi N | 1 | 2,790 | 4 | 3.00 | 63 | 10,869 SF | 133 | $ 1,790,000 | $ 1,550,000 | Conventional |
| 3 | 5531 Valerie Avenue | 0.60 mi W | 1 | 2,272 | 4 | 2.10 | 60 | 10,925 SF | 47 | $ 1,499,777 | $ 1,499,777 | Conventional |

| # | Comparable Comments (i.e. Amenities, Location, Age, Condition, Financing Type) |
|---|---|
| 1 | Property is superior in GLA, similar in bed count, similar in bath count, similar in year built, similar in condition to the subject. |
| 2 | Property is superior in GLA, superior in bed count, similar in bath count, inferior in year built, similar in condition to the subject. |
| 3 | Property is inferior in GLA, superior in bed count, inferior in bath count, similar in year built, similar in condition to the subject. |

Overall Condition  **1**  ☐ Good ☒ Average ☐ Fair ☐ Poor    **2**  ☐ Good ☒ Average ☐ Fair ☐ Poor    **3**  ☐ Good ☒ Average ☐ Fair ☐ Poor

**EXHIBIT 3**

## AMO SERVICES
### ASSET MANAGEMENT OUTSOURCING, INC.

5655 Peachtree Parkway, Suite 213 | Norcross, GA 30092 | 888.907.0256

**Type of Analysis**
☐ Interior
☒ Exterior

### Repair Estimates

| Interior | | Exterior | |
|---|---|---|---|
| Painting | $ | Painting | $ |
| Structural | $ | Structural | $ |
| Appliances | $ | Landscaping | $ |
| Utilities | $ | Windows | $ |
| Carpet/Floors | $ | Roof | $ |
| Other | $ | Other | $ |
| Cleaning/Trash Removal | $ | | |

Do you recommend repairs? ☐ Yes  ☒ No          Repairs Total $ _____0_____

### Repair Comments

Based on exterior inspection subject is in average condition with no repairs noted

### Quality Control Notes

### Reviewer / Quality Control Certifications

### Conclusions (A Broker Price Opinion is an opinion of value and is not to be considered an appraisal, THIS IS NOT AN APPRAISAL.)

| | 90-Days | 120-Days | |
|---|---|---|---|
| "As-Is" Probable Sales Price $ | 1,510,000 | $ 1,510,000 | |
| "As-Repaired" Probable Sales Price $ | 1,510,000 | $ 1,510,000 | 30-Day Probable Quick Sale Price $ 1,475,000 |
| Probable Subject Land Sales Price $ | 850,000 | | |

Per the Standards and Guidelines adopted by Asset Management Outsourcing Services, Inc. and other industry leaders, the use of assistance to complete any of the aforementioned tasks is not permitted.

| Gilbert Begijani | 08/09/2024 | Gilbert Begijani | (818) 679-3555 |
|---|---|---|---|
| Broker/Agent | Date Report Completed | Company | Phone |

Asset Management Outsourcing, Inc.                                                          (2018)

**EXHIBIT 3**



**AMO SERVICES**
ASSET MANAGEMENT OUTSOURCING, INC.

5655 Peachtree Parkway, Suite 213 | Norcross, GA 30092 | 888.907.0256

**Type of Analysis**
☐ Interior
☒ Exterior

**Front View**



Subject

**Address Verification View**



Subject

**Street View**



Subject

**EXHIBIT 3**

**AMO SERVICES**
ASSET MANAGEMENT OUTSOURCING, INC.
5655 Peachtree Parkway, Suite 213 | Norcross, GA 30092 | 888.907.0256

**Type of Analysis**
☐ **Interior**
☒ **Exterior**

Front View



### Comparable Sales #1

23882 Mariano Street

| Sale Price | Sale Date |
|---|---|
| $ 1,500,000 | 04/16/2024 |

Front View



### Comparable Sales #2

23826 Burbank Boulevard

| Sale Price | Sale Date |
|---|---|
| $ 1,542,000 | 03/14/2024 |

Front View



### Comparable Sales #3

23710 Kivik Street

| Sale Price | Sale Date |
|---|---|
| $ 1,530,000 | 02/12/2024 |

**EXHIBIT 3**



**AMO SERVICES**
ASSET MANAGEMENT OUTSOURCING, INC.

5655 Peachtree Parkway, Suite 213 | Norcross, GA 30092 | 888.907.0256

**Type of Analysis**
☐ **Interior**
☒ **Exterior**

Front View



**Comparable Listing #1**

23342 Gonzales Drive

| List Price | DOM |
|---|---|
| $  1,449,000 | 21 |

Front View



**Comparable Listing #2**

5752 Larryan Drive

| List Price | DOM |
|---|---|
| $  1,550,000 | 133 |

Front View



**Comparable Listing #3**

5531 Valerie Avenue

| List Price | DOM |
|---|---|
| $  1,499,777 | 47 |

Asset Management Outsourcing, Inc.                                                                                              (2018)

**EXHIBIT 3**



## AMO SERVICES
### ASSET MANAGEMENT OUTSOURCING, INC.
5655 Peachtree Parkway, Suite 213 | Norcross, GA 30092 | 888.907.0256

**Type of Analysis**
☐ Interior
☒ Exterior

**Location Map**



**Aerial Map**



Asset Management Outsourcing, Inc.                                                                (2018)

**EXHIBIT 3**



5655 Peachtree Parkway, Suite 213 | Norcross, GA 30092 | 888.907.0256

**Type of Analysis**
☐**Interior**
☒**Exterior**

**Additional View**



Subject

**Additional View**



Subject

**Additional View**



Subject

Asset Management Outsourcing, Inc.                                                        (2018)

**EXHIBIT 3**

# EXHIBIT 4

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Amy Jam |
| | First Name · Middle Name · Last Name |
| Debtor 2 | Mohsen Ahmadi Hadad |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | 1:24-bk-10005-VK |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|
| | $80,969.02 | $1,072,000.00 | $0.00 |

**2.1** Armen Manasserian, Esq.

Creditor's Name

Manasserian Law, APC
Re: Ha Hoang Nguyen
595 E. Colorado Blvd.
Suite 810
Pasadena, CA 91101

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

5352 Orrville Avenue Woodland Hills,
CA 91367  (522(f) Motion)

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
   car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

■ Judgment lien from a lawsuit

☐ Other (including a right to offset)

Date debt was incurred  8/15/23          Last 4 digits of account number  0979

**EXHIBIT 4**

| Debtor 1 | Amy Jam | | | Case number (if known) | 1:24-bk-10005-VK |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | Mohsen Ahmadi Hadad | | | | |
| | First Name | Middle Name | Last Name | | |

---

| 2.2 | **Armen Manasserian, Esq.** | | | | |
|---|---|---|---|---|---|

| | Describe the property that secures the claim: | $80,969.02 | $1,535,000.00 | $0.00 |
|---|---|---|---|---|

Creditor's Name

Manasserian Law, APC
Re: Ha Hoang Nguyen
595 E. Colorado Blvd.
Suite 810
Pasadena, CA 91101

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

20620 W. Hummingbird Court Porter Ranch, CA 91326

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

■ Judgment lien from a lawsuit

☐ Other (including a right to offset) _____

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim relates to a community debt**

Date debt was incurred    8/15/23        Last 4 digits of account number    0979

---

| 2.3 | **BMO Bank NA** | | | | |
|---|---|---|---|---|---|

| | Describe the property that secures the claim: | $875,940.00 | $1,072,000.00 | $0.00 |
|---|---|---|---|---|

Creditor's Name

1 Corporate Drive
Lake Zurich, IL 60047

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

5352 Orrville Avenue Woodland Hills, CA 91367  Los Angeles County

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)    Mortgage

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred    6/22        Last 4 digits of account number    0044

---

**EXHIBIT 4**

| Debtor 1 | Amy Jam | | | Case number (if known) | 1:24-bk-10005-VK |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | Mohsen Ahmadi Hadad | | | | |
| | First Name | Middle Name | Last Name | | |

---

| 2.4 | Mercedes - Benz Financial Services | | | | |
|---|---|---|---|---|---|

**Creditor's Name**

Attn: Bankruptcy
P.O. Box 685
Roanoke, TX 76262

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

| 2022 Mercedes-Benz GLE53 32,000 miles | | $43,714.00 | $0.00 | $43,714.00 |
|---|---|---|---|---|

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ **Check if this claim relates to a community debt**

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    Automobile Lease

**Date debt was incurred**   6/22        **Last 4 digits of account number**   3001

---

| 2.5 | Pentagon Federal Credit Union | | | | |
|---|---|---|---|---|---|

**Creditor's Name**

PO Box 1432
Alexandria, VA 22313

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

| 5352 Orrville Avenue Woodland Hills, CA 91367  Los Angeles County | | $156,092.00 | $1,072,000.00 | $41,001.02 |
|---|---|---|---|---|

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    Second Mortgage

**Date debt was incurred**   7/22        **Last 4 digits of account number**   3082

---

**EXHIBIT 4**

| Debtor 1 | Amy Jam | | | Case number (if known) | 1:24-bk-10005-VK |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | Mohsen Ahmadi Hadad | | | | |
| | First Name | Middle Name | Last Name | | |

| 2.6 | Select Portfolio Servicing, Inc | Describe the property that secures the claim: | $1,475,301.00 | $1,535,000.00 | $0.00 |
|---|---|---|---|---|---|

**Creditor's Name**

Attn: Bankruptcy
PO Box 65250
Salt Lake City, UT 84165

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

20620 W. Hummingbird Court Porter Ranch, CA 91326  Los Angeles County

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    First Mortgage

Date debt was incurred    11/22          Last 4 digits of account number    9141

| Add the dollar value of your entries in Column A on this page. Write that number here: | $2,712,985.04 |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $2,712,985.04 |

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor?    2.1 |
|---|---|---|
| | Margaret A. Sedy, Esq. | |
| | Law Office of Margaret A. Sedy | Last 4 digits of account number    __ |
| | 9171 Wilshire Blvd. | |
| | Suite 500 | |
| | Beverly Hills, CA 90210 | |

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor?    2.2 |
|---|---|---|
| | Margaret A. Sedy, Esq. | |
| | Law Office of Margaret A. Sedy | Last 4 digits of account number    __ |
| | 9171 Wilshire Blvd. | |
| | Suite 500 | |
| | Beverly Hills, CA 90210 | |

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor?    2.1 |
|---|---|---|
| | Sheriff's Department | |
| | Civil Management Bureau | Last 4 digits of account number    __ |
| | 110 N. Grand Avenue | |
| | Room 525 | |
| | Los Angeles, CA 90012 | |

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor?    2.2 |
|---|---|---|
| | Sheriff's Department | |
| | Civil Management Bureau | Last 4 digits of account number    __ |
| | 110 N. Grand Avenue | |
| | Room 525 | |
| | Los Angeles, CA 90012 | |

**EXHIBIT 4**

| Debtor 1 | Amy Jam | | | Case number (if known) | 1:24-bk-10005-VK |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | Mohsen Ahmadi Hadad | | | | |
| | First Name | Middle Name | Last Name | | |

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor? __2.1__ |
|---|---|---|
| | Superior Court - Chatsworth | |
| | 9425 Penfield Avenue | Last 4 digits of account number ___ |
| | Chatsworth, CA 91311 | |

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor? __2.2__ |
|---|---|---|
| | Superior Court - Chatsworth | |
| | 9425 Penfield Avenue | Last 4 digits of account number ___ |
| | Chatsworth, CA 91311 | |

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor? __2.1__ |
|---|---|---|
| | Vadim F. Frish, Esq. | |
| | Frish Law Group, APLC | Last 4 digits of account number ___ |
| | 21900 Burbank Blvd. | |
| | Suite 205 | |
| | Woodland Hills, CA 91367 | |

| [ ] | Name, Number, Street, City, State & Zip Code | On which line in Part 1 did you enter the creditor? __2.2__ |
|---|---|---|
| | Vadim F. Frish, Esq. | |
| | Frish Law Group, APLC | Last 4 digits of account number ___ |
| | 21900 Burbank Blvd. | |
| | Suite 205 | |
| | Woodland Hills, CA 91367 | |

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 5 of 5

**EXHIBIT 4**

# EXHIBIT 5

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **TIFFANY & BOSCO** P.A. CHAD L. BUTLER (SBN 270888) clb@tblaw.com 1455 Frazee Road, Suite 820 San Diego, CA 92108 Tel.: (619) 501-3503 ☐ *Movant appearing without an attorney* ☒ Attorney for Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| In re: Amy Jam and Mohsen Ahmadi Hadad, Debtors. | CASE NO.: 1:24-bk-10005-VK CHAPTER: 11 |
|---|---|
| | **NOTICE OF AMENDED MOTION AND AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: June 26, 2024 TIME: 9:30 a.m. COURTROOM: 301 or ZoomGov Audio and Video (See Supplemental Notice) |
| Movant: BMO Bank N.A. | |

1.  **Hearing Location:**
    ☐ 255 East Temple Street, Los Angeles, CA 90012  ☐ 411 West Fourth Street, Santa Ana, CA 92701
    ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367  ☐ 1415 State Street, Santa Barbara, CA 93101
    ☐ 3420 Twelfth Street, Riverside, CA 92501

2.  Notice is given to the Debtor and trustee (*if any*) (Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3.  To file a response to the motion, you may obtain an approved court from at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.R.F.S. RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                   Page    1                        **F 4001-1.RFS.RP.MOTION**

**EXHIBIT 5**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a written response no later than (date) _____ and (time) _____; and, you may appear at the hearing

   a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order the specifies the date, time and place of the hearing on the attached Motion and the deadline for filing and servicing a written opposition to the motion.

Date: <u>May 23, 2024</u>

TIFFANY & BOSCO, P.A.
_____
Printed name of law firm (if applicable)

Chad L. Butler (SBN 270888)
_____
Printed name of individual Movant or attorney for Movant

*/s/ Chad L. Butler*
_____
Signature of individual Movant or attorney for Movant
Movant File # <u>24-80015-DM-CA</u>

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    *Page   2*                    **F 4001-1.RFS.RP.MOTION**

**EXHIBIT 5**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*Specify*):

2. **The Property at issue (Property):**

   a. Address:

   *Street Address: 5352 Orrville Ave*
   *Unit/suite number:*
   *City, state, zip code: Los Angeles, California 91367*

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit <u>2</u>): 20220683208; Los Angeles County, CA

3. **Bankruptcy Case History:**

   a. A ☒ voluntary  ☐ involuntary   bankruptcy petition under chapter ☐ 7  ☐ 11  ☐ 12  ☒ 13
   was filed on (*date*) <u>January 2, 2024</u>.

   b. ☒ An order to convert this case to chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was entered on (date) <u>April 15, 2024</u>.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒  Movant's interest in the Property is not adequately protected.

       (A) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐  The bankruptcy case was filed in bad faith.

       (A) ☐ Movant is the only creditor, or one of very few creditors, listed on the Debtor's case commencement documents.

       (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    *Page   3*                    **F 4001-1.RFS.RP.MOTION**

# EXHIBIT 5

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.

        ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to §362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. §362(d)(3), the Debtor has failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without consent of Movant or Court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*Specify*):

6. **Evidence in Support of Motion: (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. ☒ The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s)

c. ☒ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit 4.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*        *Page*   4        **F 4001-1.RFS.RP.MOTION**

# EXHIBIT 5

**Movant requests the follow relief:**

1. Relief from stay is granted under: ☒ 11 U.S.C. §362(d)(1) ☒ 11 U.S.C. §362(d)(2) ☐ 11 U.S.C. §362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose up and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or §1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

   ☐ without further notice, or ☐ upon recording of a copy of this order to giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. §362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    ☐ without further notice, or ☐ upon recording of a copy of this order to giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or ☐ upon recording of a copy of this order to giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date: <u>May 23, 2024</u>
Movant File # <u>24-80015-DM-CA</u>

<u>Tiffany & Bosco, P.A.</u>
Printed name of law firm (*if applicable*)

<u>Chad L. Butler (SBN 270888)</u>
Printed name of individual Movant or attorney for Movant

<u>/s/ Chad L. Butler</u>
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    *Page 5*                    **F 4001-1.RFS.RP.MOTION**

**EXHIBIT 5**

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _____ **Jodi Reisch** _____ , declare

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is subject of this Motion (Property) because (*specify*):

    a.  ☐ I am the Movant

    b.  ☐ I am employed by Movant as (*state title and capacity*):

    c.  ☒ Other (*specify*): I am a/an ___ **Authorized Signer** ___ for BMO Bank N.A. ("Movant"). In such capacity, I am authorized to make this declaration on behalf of Movant, with respect to the loan provided to Owner, which Loan is evidenced by the Note and secured by the Deed of Trust.

2.  a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Owner concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (*see attached*):

3.  The Movant is:

    a.  ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit 1.

    b.  ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit 2 & 3.

    c.  ☐ Servicing agent authorized to act on behalf of the:
        ☐ Holder:
        ☐ Beneficiary:

    d.  ☐ Other (*specify*):

4.  a.  The address of the Property is:

        *Street Address: 5352 Orrville Ave*
        *Unit/suite number:*
        *City, state, zip code: Los Angeles, California 91367*

    b.  The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is: 20220683208; Los Angeles County, CA (See Exhibit 2).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                      Page 6                      F 4001-1.RFS.RP.MOTION

**EXHIBIT 5**

5. Type of Property (*check all applicable boxes*):

   a. ☒ Debtors' principal residence       b. ☐ Other residence
   c. ☐ Multi-unit residential             d. ☐ Commercial
   e. ☐ Industrial                    f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of Debtors' interest in the Property:

   a. ☐ Sole owner
   b. ☐ Co-owner(s) (*specify*):
   c. ☐ Lienholder (*specify*):
   d. ☒ Other (*specify*): *Debtor, Amy Jam, is the Sole Owner on the Note and Deed of Trust. Joint-Debtor, Mohsen Ahmadi Hadad, is a non-owning joint-filer to this case. See Exhibits 1 & 2.*
   e. ☒ Debtors   ☒ did  ☐ did not   list the Property in the Debtors' schedules.
   f. ☐ Debtor acquired the interest in the Property by   ,☐ grant deed  ☐ quitclaim deed    ☐ trust deed
      The deed was recorded on (*date*) _____

7. Movant holds a   ☒ deed of trust   ☐ judgment lien   ☐ other (*specify*) _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded in attached as Exhibit 2.
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 1.
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the notes and deed of trust to Movant is attached as Exhibit 3.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | N/A | N/A | $1,026,286.84 |
| b. | Accrued Interest: | N/A | N/A | $38,020.68 |
| c. | Late charges: | N/A | N/A | $513.58 |
| d. | Costs (attorney's fees, other costs): | N/A | N/A | $1,202.00 |
| e. | Advances (property taxes, insurance): | N/A | N/A | $13,143.80 |
| f. | Less suspense account or partial balance paid: | N/A | N/A | ($0.00) |
| g. | TOTAL CLAIM as of May 15, 2024: | N/A | N/A | $1,079,166.90 |

   h. ☐ Loan is all due and payable because it matured on (*specify date*):

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) _____ or ☒ none recorded
   b. Notice of sale recorded on (*date*) _____ or ☒ none recorded
   c. Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled
   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled
   e. Foreclosure sale already held on (*date*) _____ or ☒ none held
   f. Trustee's deed on sale already recorded on (*date*) _____ or ☒ none recorded

10. Attached (*optional*) hereto as Exhibit _____ is a true and correct copy of the POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                        Page  7                        F 4001-1.RFS.RP.MOTION

**EXHIBIT 5**

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: <u>$6,256.17</u> for the month of <u>May 2024</u>.

    b. Number of payments that have come due and were not made: <u>10</u>. Total amount: <u>$62,700.84</u>.

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of <u>$6,256.17</u> will come due on (*date*) <u>June 1, 2024</u>, and on the 1st day of each month thereafter. If the payment is not received within <u>N/A</u> days of said due date, a late charge of <u>N/A</u> will be charged to the loan.

    d. The fair market value of the entire Property is <u>$1,072,000.00</u>, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.
        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.
        (3) ☒ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit <u>4</u>.
        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ preliminary title report ☒ Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust | Movant | $875,940.00 | $1,079,166.90 |
| 2nd deed of trust | Pentagon Federal Credit Union | $156,092.00 | N/A |
| 3rd deed of trust | | | |
| Judgment liens: | Armen Manasserian, Esq. | $80,969.02 | N/A |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT: $1,316,227.92** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit <u>4</u> and consists of:

        ☐ Preliminary title report.
        ☒ Relevant portions of Debtor's schedules.
        ☐ Other (*specify*):

    g. ☒ **11 U.S.C. § 362(d)(1)- Equity Cushion:**

        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is <u>-$7,166.90</u> and is <u>0.00%</u> of the fair market value of the Property.

    h. ☒ **11 U.S.C. § 362(d)(2)(A)- Equity:**

        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is <u>-$244,227.92</u>.

    i. ☒ Estimated costs of sale: <u>$85,760.00</u> (estimate based on <u>8.00%</u> of estimated gross sales price)

    j. The fair market value of the Property is declining because: \_\_\_\_\_

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*               *Page 8*              **F 4001-1.RFS.RP.MOTION**

**EXHIBIT 5**

12. ☐ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

   a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) the following date: _____
      A plan confirmation hearing currently scheduled for (or concluded on) the following date: _____
      A Plan was confirmed on the following date *(if applicable)*: ____

   b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

     (See attachment for details of type and amount attached as ____.)

   c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

   d. Postpetition advances or other charges due but unpaid:
      *(For details of type and amount, see Exhibit ____)*

   e. Attorneys' fees and costs
      *(For details of type and amount, see Exhibit ____)*

   f. Less suspense account or partial paid balance

           TOTAL POSTPETITION DELINQUENCY:

   g. Future payments due by time of anticipated hearing date *(if applicable)*: _____.
      An additional payment of _____ will come due on _____ and on the ____ day of each month thereafter.
      If the payment is not received by the ___ day of the month, a late charge of _____ will be charged to the loan.

   h. Amount and date of the last 3 post-petition payments received from the Debtors in good funds, regardless of how applied (if applicable):

      _____ received on *(date)* _____
      _____ received on *(date)* _____
      _____ received on *(date)* _____

   i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and post-petition plan payments are delinquent.
      A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
      13 trustee regarding receipt of payments under the plan *(attach LBR from F 4001-1.DEC.AGENT.TRUSTEE).*

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to
     insure the collateral under the terms of Movant's contract with the Debtor.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                     *Page   9*                     **F 4001-1.RFS.RP.MOTION**

**EXHIBIT 5**

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. §101 (51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. §362 (d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit ____.

16. ☐ Movant regained possession of the property on (*date*)_____, which is ☐ prepetition  ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page for facts establishing scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1.  Case Name:_____
            Chapter:_____ Case number:_____
            Date dismissed:_____ Date discharged:_____  Date filed:_____
            Relief from stay re this Property ☐ was ☐ was not granted.

        2.  Case Name:_____
            Chapter:_____ Case number:_____
            Date dismissed:_____ Date discharged:_____  Date filed:_____
            Relief from stay re this Property ☐ was ☐ was not granted.

        3.  Case Name:_____
            Chapter:_____ Case number:_____
            Date dismissed:_____ Date discharged:_____  Date filed:_____
            Relief from stay re this Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 5**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s)

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit_____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/21/2024 | Jodi Reisch, Authorized Signer | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                           *Page*   11                           **F 4001-1.RFS.RP.MOTION**

**EXHIBIT 5**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Tiffany & Bosco, P.A., 7720 North 16th Street, Suite 300, Phoenix, Arizona 85020**

A true and correct copy of the foregoing document entitled (*specify*):

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 23, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**DEBTORS' ATTORNEY:** Stella A Havkin stella@havkinandshrago.com, shavkinesq@gmail.com
**CHAPTER 11 TRUSTEE:** Gregory Kent Jones (TR) gjones@sycr.com, smjohnson@sycr.com, C191@ecfcbis.com;cpesis@stradlinglaw.com
**U.S. TRUSTEE:** United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
**U.S. TRUSTEE'S ATTORNEY:** Katherine Bunker kate.bunker@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) May 23, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Honorable Victoria S. Kaufman, United States Bankruptcy Court, Central District of California, 21041 Burbank Boulevard, Suite 354, Woodland Hills, CA 91367
**DEBTORS:** Amy Jam and Mohsen Ahmadi Hadad, 5352 Orrville Avenue, Woodland Hills, CA 91367
**LIENHOLDER:** Armen Manasserian, Esq., re: Ha Hoang Nguyen, 595 E. Colorado Blvd., Suite 810, Pasadena, CA 91101
**LIENHOLDER:** Pentagon Federal Credit Union, P.O. Box 1432, Alexandria, VA 22313

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 23, 2024 | Cortney Massey | /s/ Cortney Massey |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 5**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3990 E. CONCOURS STREET, SUITE 350, ONTARIO, CA 91764**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION  FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/29/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S. Trustee: (San Fernando Valley) ustpregion16.wh.ecf@usdoj.gov
Attorney for U.S. Trustee:  Katherine Bunker   kate.bunker@usdoj.gov
Attorney for Debtors:  Stella A. Havkin  stella@havkinandshrago.com, shavkinesq@gmail.com
Trustee: Gregory Kent Jones  gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com; cpesis@stradlinglaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _8/29/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge: Hon. Victoria S. Kaufman, US Bankruptcy Court, 21041 Burbank Boulevard, Suite 354, Woodland Hills, CA 91367
Debtor: Amy Jam, 5352 Orrville Avenue, Woodland Hills, CA 91367
Debtor: Mohsen Ahmadi Hadad, 20620 W. Hummingbird Ct, Porter Ranch, CA 91326
Debtor: Mohsen Ahmadi Hadad, 5352 Orrville Avenue, Woodland Hills, CA 91367
Party in Interest: Affirm, Inc. Resurgent Capitol Services, Attn: Managing or Servicing Agent, PO Box 10587, Greensville, SC 29603
Party in Interest: Affirm, Inc Attn: Bankruptcy, Attn: Managing or Servicing Agent, 650 California St., 12th Floor, San Francisco, CA 94108
Party in Interest: American Express c/o Becket and Lee, LLP, Attn: Managing or Servicing Agent, PO Box 3001, Malvern, PA 19355
Party in Interest: Best Egg, Attn: Bankruptcy, Attn: Managing or Servicing Agent, PO Box 42919, Philadelphia, PA 19101

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/29/2024 | DARLENE C. VIGIL | /s/ Darlene C. Vigil |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
Page 12

June 2017                                                                                               F 4001-1.RFS.RP.MOTION

## 2.  SERVED BY UNITED STATES MAIL (CONTINUATION PAGE)

Party in Interest: Discover Bank, Attn: Managing or Servicing Agent, PO Box 3025, New Albany, OH 43054
Party in Interest: Internal Revenue Service, Attn: Managing or Servicing Agent, PO Box 7346, Philadelphia, PA 19101
Party in Interest: Navy FCU, Attn: Bankruptcy Dept, Attn: Managing or Servicing Agent, PO Box 3000, Merrifield, VA 22119
Party in Interest: Select Portfolio Servicing Inc, Attn: Bankruptcy, Attn: Managing or Servicing Agent, PO Box 65250, Salt Lake City, UT 84165
Party in Interest: Sofi Bank National Association, Resurgent Capital Services, Attn: Managing or Servicing Agent, PO Box 10587, Greensville, SC 29603
Party in Interest: Sofi Bank National Bank, Resurgent Capital Services, Attn: Managing or Servicing Agent, PO Box 10587, Greensville, SC 29603
Party in Interest: U.S. Department of Education c/o Nelnet, Attn: Managing or Servicing Agent, 121 S. 13th St, Lincoln, NE 68508
Party in Interest: Wells Fargo Bank, Attn: Managing or Servicing Agent, PO Box 29482, Phoenix, AZ 85038
Party in Interest: Wells Fargo Card Services, Attn: Managing or Servicing Agent, PO Box 10438, Des Moines, IA 50306
Party in Interest: Armen Manasserian, Esq, Manaserrian Law, APC, Attn: Managing or Servicing Agent, Re: Ha Hoang Nguyen, 595 E, Colorado Blvd, Suite 810, Pasadena, CA 91101
Party in Interest: BMO Bank NA, Attn: Managing or Servicing Agent, 1 Corporate Drive, Lake Zurich, IL 60047

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
Page 13

June 2017                                                                                                      F 4001-1.RFS.RP.MOTION